UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| L. CHARLES COHEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 08 2150 |
| BARACK HUSSEIN OBAMA, JR., et al., | ) ) ) |
| Defendants. | ) |

### MEMORANDUM OPINION

This matter comes before the Court upon review of plaintiff's application for leave to proceed *in forma pauperis* and *pro se* complaint. The application will be granted but the complaint will be dismissed.

Plaintiff, a federal prisoner who currently is incarcerated at the Federal Medical Center in Lexington, Kentucky, alleges that Senator Obama is "an illegal alien impersonating a United States citizen," Compl. ¶ 6, rendering him ineligible to hold the office of President of the United States. *Id.* ¶ 2, ¶ 9. He further alleges that: (1) the Secretary of State wrongly allowed the agency to issue Senator Obama a passport; (2) the Attorney General failed to arrest Senator Obama pursuant to 18 U.S.C. § 911 for impersonating a United States citizen; (3) the Director of the Department of Homeland Security failed to arrest Senator Obama for illegally entering the United States in violation of 8 U.S.C. § 1325; and (4) the Democratic National Committee and the Federal Election Commission failed to inquire into Senator Obama's eligiblity as a candidate for the office of the President. *See id.* ¶¶ 53-56. If Senator Obama were to remain the

1

Democratic nominee or were elected, "Plaintiff and Democratic American Citizens will suffer Irreparable Harm including . . . [the] Functional, or Actual Disenfranchisement of large numbers of Citizens, being memebers [sic] of the Democratic party, who would have been deprived of the ability to choose a candidate of their liking[.]" *Id.* ¶ 9. Plaintiff demands monetary damages and declaratory and injunctive relief, and expressly seeks an Order enjoining Senator Obama from campaigning for, and, if elected, from taking the oath of office as President of the United States.

Plaintiff's claims fail because he does not have standing to pursue them. "So-called 'Article III standing' has three requirements: (1) the plaintiff has suffered 'an injury in fact,' (2) that injury bears a causal connection to the defendant's challenged conduct, and (3) a favorable judicial decision will likely provide the plaintiff with redress from that injury." *Hollander v. McCain*, 566 F. Supp. 2d 63, 67 (D.N.H. 2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. at 573-74. Where, as here, "[p]laintiff's stake is no greater and his status no more differentiated than that of millions of other voters[,] . . . his harm is too vague and its effects too attenuated to confer standing on any and all voters." *Berg v. Obama*, __ F. Supp. 2d __, 2008 WL 4691981, at *6 (E.D. Pa. Oct. 24, 2008); *see Stamper v. United States*, No. 1:08 CV 2593, 2008 WL 4838073 (N.D. Ohio Nov. 4, 2008). Accordingly, the Court concludes that plaintiff is without standing, that he cannot establish an injury in fact, and that this Court lacks jurisdiction to hear this matter. *See Berg v.*

*Obama*, 2008 WL 4691981, at *6 (dismissing Natural Born Citizen Clause claim because plaintiff, described as a life-long member of the Democratic Party, lacked standing); *Robinson v. Bowen*, 567 F. Supp. 2d 1144, 1146 (N.D. Cal. 2008) (denying preliminary injunction for petitioner, "a mere candidate hoping to become a California elector pledged to an obscure third-party candidate whose presidential prospects are theoretical at best," whose alleged harm "is not only speculative but also merely derivative of the prospects of his favored obscure candidate"); *Hollander v. McCain*, 566 F. Supp. 2d at 71 (dismissing *pro se* plaintiff's challenge to Senator John McCain's eligibility to serve as President of the United States because he is not a United States citizen by virtue of his birth in the Panama Canal Zone); *Hooker v. Sasser*, 893 F. Supp. 764 (M.D. Tenn.1995) (dismissing for lack of standing plaintiff's claim that other candidates' acceptance of campaign contributions from non-Tennessee citizens prevented "his qualifications as a candidate for the office of United States Senator from being judged solely and exclusively by Tennessee citizens"); *see also Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction.").

An Order consistent with this Memorandum Opinion is issued separately.

_____
United States District Judge

Date: 11-21-08